IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
MAY 17 2018
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

VICKI BURGE and DELORIS GRAY,
individually and on behalf of all others
similarly situated

PLAINTIFFS

v.   CASE NO. 1:18cv34-DPM

NETWORK OF COMMUNITY OPTIONS, INC.   DEFENDANT

## COLLECTIVE ACTION COMPLAINT

This case assigned to District Judge Marshall
and to Magistrate Judge Volpe

### I. INTRODUCTION

1. This is an action for unpaid minimum wage and overtime under the Fair Labor Standards Act. Defendant Network of Community Options, Inc. employs home care workers to assist individuals with developmental disabilities, whom Network of Community Options refers to as "clients." Plaintiffs worked for Network of Community Options as home care workers. Plaintiffs and the other home care workers worked around the clock to provide the care the Company's clients needed. As a result, Plaintiffs worked long shifts — generally 12 to 14 hours per day — 7 days per week. Despite working long hours assisting individuals with developmental disabilities, Plaintiffs were not paid overtime compensation for their hours worked over 40 per workweek. Moreover, because of the long hours they worked, Plaintiffs occasionally did not receive the minimum wage for their hours worked up to 40 in a workweek as required by law.

2.     Plaintiffs bring suit on behalf of themselves and others similarly situated to recover unpaid overtime, liquidated damages, attorneys' fees and expenses, and any other relief the Court deems just and proper.

## II. Parties, Jurisdiction, and Venue

3.     Plaintiff Vicki Burge is a citizen of Independence County, Arkansas. Burge worked for Network of Community Options as a home care worker from approximately June 2007 until August 2017. During the past three years, Burge has worked more than 40 hours in one or more workweeks, and she was not paid overtime compensation. Also, during the past three years, Burge was not paid the minimum wage for all her hours worked up to 40 in a workweek. Her consent to join this action is attached as Exhibit "A."

4.     Plaintiff Deloris Gray is a citizen of Izard County, Arkansas. Gray worked for Network of Community Options as a home care worker in 2015 and from approximately June 2017 until July 2017. During the past three years, Gray has worked more than 40 hours in one or more workweeks, and she was not paid overtime compensation. Also, during the past three years, Gray was not paid the minimum wage for all her hours worked up to 40 in a workweek. Her consent to join this action is attached as Exhibit "B."

5.     Defendant Network of Community Options, Inc. is a domestic non-profit corporation. Network of Community Options employs home care workers to assist individuals with developmental disabilities. Network of Community Options is an employer of Plaintiffs and putative class members within the meaning of the Fair Labor

Standards Act. Network of Community Options can be served through its registered agent Mark Johnson, 2423A Highway 62/412, Hardy, Arkansas 72542.

6. At all relevant times, Plaintiffs and the putative class members have been entitled to the rights, protections, and benefits of the Fair Labor Standards Act.

7. At all relevant times, Plaintiffs and the putative class members have been "employees" of Network of Community Options. 29 U.S.C. § 203(e).

8. At all relevant times, Network of Community Options was the "employer" of Plaintiffs and the putative class members. 29 U.S.C. § 203(d).

9. Jurisdiction of this action is conferred on the Court by 29 U.S.C. §§ 216(b), 217; and 28 U.S.C. § 1331.

10. Venue lies within this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred within this district. Specifically, throughout the relevant period, Defendant Network of Community Options' headquarters was in this district and Plaintiffs and putative class members regularly provided services to Network of Community Options' clients in this district.

### III. FACTS

11. At all pertinent times, Defendant Network of Community Options has been engaged in activities and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, receiving, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and therefore constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r) and (s).

12. At all pertinent times, Defendant Network of Community Options has had an annual gross volume of sales made or business done of not less than $500,000.00, and therefore, constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r) and (s).

13. Network of Community Options is or was, at all relevant times, Plaintiffs' "employer" as that term is defined by 29 U.S.C. § 203(d).

14. Plaintiffs are or were each an "employee" of Network of Community Options as that term is defined by 29 U.S.C. § 203(d).

15. Defendant Network of Community Options, Inc. provides various services to assist its clients, individuals with developmental disabilities, including in-home support. http://www.networkofcommunityoptions.org/node/3 (last accessed April 27, 2018).

16. To provide these in-home services, Network of Community Options employed Plaintiffs and putative class members as home care workers.

17. In that position, Plaintiffs provided support and assistance to assigned clients. The clients assigned to Plaintiffs lived with the Plaintiffs in the Plaintiffs' homes.

18. Plaintiffs and putative class members provided around-the-clock care for their clients, and their job duties included things such as assisting the clients with medications, bathing, feeding, and keeping watch over the clients to ensure they did not harm themselves or others.

19. Typically, Network of Community Options' clients required near constant supervision and assistance. As a result, Plaintiffs and putative class members regularly worked 12 to 14 hours per day, 7 days per week.

20. Plaintiffs and putative class members were paid an hourly rate. Both Plaintiffs were paid approximately $18.00 per hour. Despite working over 40 hours in a workweek during most of their weeks of employment, Plaintiffs and putative class members were not paid overtime compensation for their hours worked over 40.

21. Network of Community Options instructed Plaintiffs and other home care workers to report no more than 40 hours worked each week.

22. Network of Community Options knew Plaintiffs were working over 40 hours per workweek but were not paid overtime compensation.

23. Both Plaintiffs complained to Rebecca Tipton, the Company's timekeeper, on numerous occasions about the hours they were working. Likewise, Plaintiff Gray also discussed the issue with Don Gregory, Network of Community Options' human resources manager. Gregory and Tipton told Plaintiffs to not report more than 40 hours per week.

24. Each Plaintiff worked in excess of 40 hours in at least one or more workweeks during the past three years. Network of Community Options did not pay Plaintiffs an overtime premium when they worked over 40 hours in a workweek. Plaintiffs and those similarly situated are entitled to payment for any hours worked over 40 in a workweek at one-and-a-half times their regular rate of pay.

25. In addition, as a product of the long hours they worked, Plaintiffs' and the other home care workers' effective hourly wage was occasionally driven below the required minimum wage of $7.25 per hour.

26. In October 2013, the United States Department of Labor ("DOL") created a Final Rule amending the regulations as they relate to "companionship services" with an effective date of January 1, 2015. *See Application of the Fair Labor Standards Act to Domestic Service*, 78 Fed. Reg. 60454, 60455 (Oct. 1, 2013).

27. Under the new rule, the companionship services exemption does not apply to employees employed by third party employers like Network of Community Options. *See* 29 C.F.R. § 552.109(a).

28. Before the Final Rule went into effect, the United States District Court for the District of Columbia concluded that the DOL exceeded its rule-making authority in eliminating the exemption for home health workers and vacated the rule. *See Home Care Assoc. of Am. v. Weil*, 78 F. Supp. 3d 123 (D.D.C. 2015).

29. On August 21, 2015, the Court of Appeals for the District of Columbia reversed the district court's vacatur. *See Home Care Assoc. of Am. v. Weil*, 799 F.3d 1084, 1097 (D.C. Cir. 2015).

30. Following that decision, the DOL issued guidance that it would not bring enforcement actions for violations to the rule prior to November 12, 2015. *See Cummings v. Bost, Inc.*, 218 F. Supp. 3d 978, 986 (W.D. Ark. 2016) (citing Application of the Fair Labor Standards Act to Domestic Service: Dates of Previously Announced 30-Day Period of Non-Enforcement, 80 Fed. Reg. 65646 (Oct. 27, 2015)).

31.   Various courts, including in this circuit, have already determined that the Final Rule was effective as of January 1, 2015, and that it would be unfair to allow an employer "to escape liability for nearly a year's worth of overtime wages based on a district court decision that was ultimately deemed to be error." *Id.* (quoting *Lewis-Ramsey v. The Evangelical Lutheran Good Samaritan Soc'y*, 215 F. Supp. 3d 805, 810 (S.D. Iowa 2016)).

32.   Network of Community Options knew or should have known that Plaintiffs and others similarly situated were entitled to minimum wage and overtime pay, and it knowingly and willfully violated the FLSA by failing to pay Plaintiffs and others similarly situated overtime compensation and the required minimum wage.

### IV. COLLECTIVE ACTION ALLEGATIONS

33.   Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

34.   Plaintiffs bring this action as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act on behalf of all persons who were, are, or will be employed by Network of Community Options, Inc. as home health workers throughout Arkansas.

35.   Plaintiffs reserve the right to modify or amend the proposed class definition subject to additional information gained through further investigation and discovery.

36.   Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action because putative class members are similarly situated to Plaintiffs.

37.   There are numerous similarly situated home health workers who worked for Network of Community Options who would benefit from the issuance of Court-

supervised notice of the instant lawsuit and the opportunity to join this action. Similarly situated employees are known to Network of Community Options and readily identifiable through payroll records Network of Community Options is required to keep. 29 U.S.C. § 211(c).

38. There are questions of law and fact common to Plaintiffs and others similarly situated, which predominate over any questions affecting individual members only. These factual and legal questions include, but are not limited to:

    a. Which individuals and entities are considered "employers" of Plaintiffs and putative class members under the FLSA;

    b. Whether Network of Community Options satisfied its obligation to pay Plaintiffs and others similarly situated overtime payments required by the FLSA;

    c. Whether Network of Community Options' actions were willful;

    d. Whether Network of Community Options complied with its recordkeeping obligations under the FLSA;

    e. Whether Plaintiffs and putative class members are entitled to liquidated damages;

    f. Whether Plaintiffs and putative class members are entitled to attorneys' fees, costs, and expenses.

39. Network of Community Options acted and refused to act on grounds generally applicable to Plaintiffs and others similarly situated.

40. Plaintiffs' claims are typical of the claims of the putative class in that Plaintiffs and others similarly situated were denied overtime and the minimum wage because of Network of Community Options' policies and practice. This is the predominant issue that pertains to the claims of Plaintiffs and the members of the putative class.

41. Plaintiffs' FLSA damages, and those of all putative collective action members, can be calculated mechanically based on records Network of Community Options is required to keep. 29 C.F.R. § 513.28. If Network of Community Options failed to keep records as required by law, Plaintiffs and putative class members are entitled to damages based on the best evidence available, even if it is only an estimate. *See Anderson v. Mt. Clemens*, 328 U.S. 680, 687 (1946). Network of Community Options cannot benefit from its failure, if any, to maintain records required by law.

42. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.

43. Plaintiffs will fairly and adequately protect the interests of the putative class, as their interests are in complete alignment with others similarly situated, i.e., to prove and then eradicate Network of Community Options' illegal practice of not paying home care workers overtime compensation.

44. Plaintiffs' counsel is experienced with class and collective litigation, has previously served as class counsel in FLSA litigation, and will adequately protect the interests of Plaintiffs and others similarly situated.

45. Plaintiffs and the proposed FLSA Class they seek to represent have suffered, and will continue to suffer, irreparable damage from the illegal policy, practice, and custom regarding Network of Community Options' pay practices.

46. Network of Community Options has engaged in a continuing violation of the FLSA.

47. Plaintiffs and all other similarly-situated home care workers were denied overtime compensation and the minimum wage because of Network of Community Options' illegal practices. These violations were intentional and willfully committed.

## V. CLAIM I:
### FLSA: FAILURE TO PAY OVERTIME
(PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED)

48. Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

49. The FLSA requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 hours per workweek. 29 U.S.C. § 207(a)(1).

50. Plaintiffs and those similarly situated were not exempt from the overtime provisions of the FLSA.

51. Plaintiffs and those similarly-situated employees regularly worked more than 40 hours per workweek but were not paid overtime compensation for their hours worked over 40.

52.     Network of Community Options violated and continues to violate the FLSA by failing to pay Plaintiffs and putative class members overtime compensation for all hours worked in excess of 40 each week.

53.     Network of Community Options knew or should have known that Plaintiffs and others similarly situated were entitled to overtime pay and it knowingly and willfully violated the FLSA by failing to pay Plaintiffs and others similarly situated overtime compensation, therefore these violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201 *et seq*.

54.     Network of Community Options has neither acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA. As a result, Plaintiffs and other similarly-situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages. 29 U.S.C. § 216(b).  Alternatively, should the Court find Network of Community Options acted in good faith in failing to pay its employees their overtime wages, Plaintiffs and all similarly-situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

55.     As a product of the long hours they worked, Plaintiffs' effective hourly wage was occasionally driven below the required minimum wage of $7.25 per hour. In the weeks in which Plaintiffs worked more than 40 hours, and their effective hourly wage was below the minimum wage, Plaintiffs are entitled to overtime damages calculated at least one-and-a-half times the minimum wage.

56. Because of Network of Community Options' violations, Plaintiffs and putative class members are entitled to recover from Network of Community Options attorneys' fees, litigation expenses and court costs, pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## VI. CLAIM II:
### FLSA: FAILURE TO PAY MINIMUM WAGE
### (PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED)

57. Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

58. The FLSA requires employers to pay non-exempt employees at least the minimum wage of $7.25 per hour for all hours worked up to 40 in a workweek. 29 U.S.C. § 206.

59. Plaintiffs and those similarly situated were not exempt from the minimum wage provisions of the FLSA.

60. As a product of the long hours they worked, Plaintiffs' and similarly situated employees' effective hourly wage was occasionally driven below the required minimum wage of $7.25 per hour and they were therefore not paid the required minimum wage for their first 40 hours of work in those workweeks.

61. Network of Community Options violated and continues to violate the FLSA by failing to pay Plaintiffs and putative class members the required minimum wage for their first 40 hours of work each workweek.

62. Network of Community Options knew or should have known that Plaintiffs and others similarly situated were entitled to the minimum wage and

knowingly and willfully violated the FLSA by failing to pay Plaintiffs and others similarly situated the required minimum wage, therefore these violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201 *et seq.*

63. Network of Community Options has neither acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA. As a result, Plaintiffs and other similarly-situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages. 29 U.S.C. § 216(b). Alternatively, should the Court find Network of Community Options acted in good faith in failing to pay its employees the required minimum wage, Plaintiffs and all similarly-situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

64. Because of Network of Community Options' violations, Plaintiffs and putative class members are entitled to recover from Network of Community Options attorneys' fees, litigation expenses and court costs, pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the class of similarly-situated individuals they seek to represent, respectfully request this Court:

a. Enter an order certifying Plaintiffs' claims brought under the Fair Labor Standards Act for treatment as a collective action;

b. Designate Plaintiffs as Class Representatives;

c. Appoint Holleman & Associates, P.A. as class counsel;

d. Enter a declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act;

e. Enter a permanent injunction restraining and preventing Network of Community Options from withholding the compensation that is due to their employees, from retaliating against any of them for taking part in this action, and from further violating their rights under the Fair Labor Standards Act;

f. Enter an Order for complete and accurate accounting of all the compensation to which Plaintiffs and all other similarly-situated employees are entitled;

g. Award Plaintiffs and all putative class members compensatory damages in an amount equal to their unpaid back wages from three (3) years prior to this lawsuit through the date of trial;

h. Award Plaintiffs and all putative class members liquidated damages in an amount equal to their compensatory damages;

i. Award Plaintiffs and all putative class members punitive damages;

j. Award Plaintiffs and all putative class members all recoverable costs, expenses, and attorneys' fees incurred in prosecuting this action and all claims, together with all applicable interest; and

k. Grant Plaintiffs and all putative class members all such further relief as the Court deems just and appropriate.

## VIII. JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

HOLLEMAN & ASSOCIATES, P.A.
1008 West Second Street
Little Rock, Arkansas 72201
Tel. 501.975.5040
Fax 501.975.5043

Respectfully Submitted,

John Holleman, ABN 91056
jholleman@johnholleman.net
Timothy A. Steadman, ABN 2009113
tim@johnholleman.net
Jerry Garner, ABN 2014134
jerry@johnholleman.net

## NETWORK OF COMMUNITY OPTIONS, INC.

## CONSENT TO JOIN COLLECTIVE ACTION

I hereby consent to join the action against the above-referenced Defendant, or any other individual or entity who may be liable as an employer under the Fair Labor Standards Act, as a Plaintiff to assert claims for violations of the Fair Labor Standards Act. If this case does not proceed collectively, I also consent to join any subsequent action to assert claims against the above-referenced Defendant. I consent to becoming a party Plaintiff to this lawsuit, to be represented by HOLLEMAN & ASSOCIATES, P.A. and to be bound by any settlement of this action or adjudication of the court.

Consented to on this 13th day of April, 2018.

Vicki Burge
Print Name

Vicki Burge
Signature

4/13/2018
Date

**EXHIBIT A**

# NETWORK OF COMMUNITY OPTIONS, INC.

## CONSENT TO JOIN COLLECTIVE ACTION

I hereby consent to join the action against the above-referenced Defendant, or any other individual or entity who may be liable as an employer under the Fair Labor Standards Act, as a Plaintiff to assert claims for violations of the Fair Labor Standards Act. If this case does not proceed collectively, I also consent to join any subsequent action to assert claims against the above-referenced Defendant. I consent to becoming a party Plaintiff to this lawsuit, to be represented by HOLLEMAN & ASSOCIATES, P.A. and to be bound by any settlement of this action or adjudication of the court.

Consented to on this 20 day of April, 2018.

Deloris Gray
Print Name

Deloris Gray
Signature

20/4/2018
Date

**EXHIBIT B**